1  **GREGORY T. MURPHY**
   California State Bar No. 245505
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: gregory_murphy@fd.org

5  Attorneys for Alejandro Villa-Anquiano

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                    (HONORABLE WILLIAM Q. HAYES)

11 | UNITED STATES OF AMERICA,          ) Case No. 08CR1550-WQH
                                        )
12 |         Plaintiff,                 ) DATE:      June 30, 2008
                                        ) TIME:      2:00 p.m.
13 | v.                                 )
                                        ) **NOTICE OF MOTIONS AND MOTIONS:**
14 | ALEJANDRO VILLA-ANQUIANO,          )
                                        ) 1)   **TO COMPEL DISCOVERY; AND**
15 |         Defendant.                 ) 2)   **FOR LEAVE TO FILE FURTHER**
                                        )      **MOTIONS**
16

17 TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
          JEFFREY D. MOORE, ASSISTANT UNITED STATES ATTORNEY:
18

19      PLEASE TAKE NOTICE that, on June 30, 2008, at 2:00 p.m., or as soon thereafter as counsel may

20 be heard, the defendant, Alejandro Villa-Anquiano, by and through his counsel, Gregory T. Murphy and

21 Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

22                                    **MOTIONS**

23      The defendant, Alejandro Villa-Anquiano, by and through his attorneys, Gregory Murphy and

24 Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of

25 Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for

26 an order:

27      1)      Compelling discovery; and

28      2)      For leave to file further motions.

1  These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATED: June 3, 2008

/s/ Gregory T. Murphy
**GREGORY T. MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Alejandro Villa-Anquiano

**GREGORY T. MURPHY**
California State Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org

Attorneys for Alejandro Villa-Anquiano

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| UNITED STATES OF AMERICA,    | ) Case No. 08CR1550-WQH |
|---|---|
| Plaintiff, | ) DATE:  June 30, 2008 |
|  | ) TIME:  2:00 p.m. |
| v. | ) |
|  | ) **STATEMENT OF FACTS AND** |
| ALEJANDRO VILLA-ANQUIANO, | ) **MEMORANDUM OF POINTS AND** |
|  | ) **AUTHORITIES IN SUPPORT OF** |
| Defendant. | ) **DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**

The Government charges that Mr. Villa-Anquiano was found in the United States after deportation in violation of 8 U.S.C. § 1326. To date, approximately a month after his arrest, the prosecutor has produced <u>no</u> discovery.

**II.**

**MOTION TO COMPEL DISCOVERY**

Mr. Villa-Anquiano requests the following discovery. His request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See <u>United States v. Bryan</u>, 868 F.2d 1032 (9th Cir. 1989).

/ / /

1. <u>The Defendant's Statements</u>. The government must disclose to Mr. Villa-Anquiano *all* copies of any written or recorded statements made by Mr. Villa-Anquiano; the substance of any statements made by Mr. Villa-Anquiano that the government intends to offer in evidence at trial; any response by Mr. Villa-Anquiano to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. Villa-Anquiano's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings that may have been given to Mr. Villa-Anquiano; and any other statements by Mr. Villa-Anquiano. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* Mr. Villa-Anquiano's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

**Mr. Villa-Anquiano specifically requests a copy of the audio recording of any alleged removal proceedings.**

2. <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Villa-Anquiano also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Villa-Anquiano or any other discoverable material is contained. Mr. Villa-Anquiano includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See also</u> <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Villa-Anquiano are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the government deems them discoverable.

3. <u>Brady Material</u>. Mr. Villa-Anquiano requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

      4.     <u>Any Information That May Result in a Lower Sentence</u>.  As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to <u>Brady</u>, 373 U.S. 83.  The government must disclose any cooperation or attempted cooperation by Mr. Villa-Anquiano, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the United States Sentencing Commission Guidelines Manual ("Guidelines").  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Villa-Anquiano's criminal history, or any other application of the Guidelines.

      5.     <u>The Defendant's Prior Record</u>.  Evidence of a prior record is available under Fed. R. Crim. P. 16(a)(1)(D).

      6.     <u>Any Proposed 404(b) Evidence</u>.  Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . .." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.  Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming <u>Mehrmanesh</u> and reversing convictions).

      7.     <u>Evidence Seized</u>.  Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

      8.     <u>Request for Preservation of Evidence</u>.  The defense specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved.  This request includes, but is not limited to any videotapes of Mr. Villa-Anquiano's arrest, hospitalization and detention, his personal effects, and any evidence seized from Mr. Villa-Anquiano or any third party.  This request also includes any material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and transients).  Mr. Villa-Anquiano requests that the prosecutor be ordered to question all the agencies and individuals involved in the prosecution

///

1 and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties
2 to preserve any such evidence.

3      9.    <u>Henthorn Material</u>. Mr. Villa-Anquiano requests that the Assistant United States Attorney
4 ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent
5 involved in the present case for impeachment material. See <u>Kyles v. Whitley</u>, 514 U.S. 437, 438 (1995)
6 (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others
7 acting on the government's behalf in the case, including the police"); <u>United States v. Henthorn</u>, 931 F.2d 29
8 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public,
9 by another agent, or any other person) against the agent, whether or not the investigating authority has taken
10 any action, as well as any matter for which a disciplinary review was undertaken, whether or not any
11 disciplinary action was ultimately recommended. Mr. Villa-Anquiano further requests production of any such
12 information at least one week prior to the motion hearing and two weeks prior to trial. If the prosecutor is
13 uncertain whether certain information should be disclosed pursuant to this request, this information should
14 be produced to the Court in advance of the motion hearing and the trial for an in camera inspection.

15      10.    <u>Tangible Objects</u>. Mr. Villa-Anquiano requests the opportunity to inspect, copy, and test,
16 as necessary, all other documents and tangible objects, including photographs, books, papers, documents,
17 alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense
18 or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Villa-Anquiano.
19 Fed. R. Crim. P. 16(a)(1)(E).

20      11.    <u>Expert Witnesses</u>. Mr. Villa-Anquiano requests the name, qualifications, and a written
21 summary of the testimony of any person that the government intends to call as an expert witness during its
22 case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a description of the witness'
23 opinion(s), as well as the bases and the reasons for the opinion(s). See <u>United States v. Duvall</u>, 272 F.3d 825
24 (7th Cir. 2001) (finding that government's written expert notice did not adequately summarize or describe
25 police detective's testimony in drug prosecution where notice provided only a list of the general subject
26 matters to be covered and failed to identify what opinion the expert would offer on those subjects). This
27 request includes, but is not limited to, disclosure of the qualifications of any government witness who will
28 testify that he understands and/or speaks Spanish or any other foreign language that may have been used

during the course of an interview with Mr. Villa-Anquiano or any other witness. Mr. Villa-Anquiano requests the notice of expert testimony be provided at a minimum of three weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions, credentials of the government's expert and obtain a hearing in advance of trial to determine the admissibility of qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

   12.   Impeachment evidence. Mr. Villa-Anquiano requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Villa-Anquiano. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady, 373 U.S. 83. See United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

   13.   Evidence of Criminal Investigation of Any Government Witness. Mr. Villa-Anquiano requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir. 1985).

   14.   Evidence of Bias or Motive to Lie. Mr. Villa-Anquiano requests evidence that any prospective government witness is biased or prejudiced against Mr. Villa-Anquiano, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); Strifler, 851 F.2d 1197.

   15.   Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity. Mr. Villa-Anquiano requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler, 851 F.2d 1197; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

   16.   Witness Addresses. Mr. Villa-Anquiano requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses).

1  Mr. Villa-Anquiano also requests the name and last known address of every witness to the crime or crimes
2  charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government
3  witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

4      17.    Names of Witnesses Favorable to the Defendant. Mr. Villa-Anquiano requests the name of
5  any witness who made any arguably favorable statement concerning Mr. Villa-Anquiano or who could not
6  identify him or who was unsure of his identity or participation in the crime charged. Jackson v. Wainwright,
7  390 F.2d 288 (5th Cir. 1968); Chavis, 637 F.2d at 223; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978);
8  Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980).

9      18.    Statements Relevant to the Defense. Mr. Villa-Anquiano requests disclosure of any statement
10 that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux,
11 685 F.2d 1105 (9th Cir. 1982). This includes grand jury transcripts that are relevant to the defense motion
12 to dismiss the indictment.

13     19.    Jencks Act Material. Mr. Villa-Anquiano requests production in advance of the motion
14 hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the
15 Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that "rough" notes
16 constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a
17 statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also
18 United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks
19 material when an agent reviews notes with the subject of the interview); see also United States v. Riley,
20 189 F.3d 802, 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion
21 hearing or trial to allow Mr. Villa-Anquiano to investigate the Jencks material. Mr. Villa-Anquiano requests
22 pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel
23 to prepare for, and use properly any Jencks statements during cross-examination.

24     20.    Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), Mr. Villa-
25 Anquiano requests all statements and/or promises, expressed or implied, made to any government witnesses,
26 in exchange for their testimony in this case, and all other information that could arguably be used for the
27 impeachment of any government witnesses.
28 ///

1    21.    <u>Agreements Between the Government and Witnesses</u>. Mr. Villa-Anquiano requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective government witness and the government (federal, state and/or local). This request also includes any discussion with a potential witness about or advice concerning any immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain was made or the advice not followed.

22.    <u>Informants and Cooperating Witnesses</u>. Mr. Villa-Anquiano requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Villa-Anquiano. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants that exculpates or tends to exculpate Mr. Villa-Anquiano.

23.    <u>Bias by Informants or Cooperating Witnesses</u>. Mr. Villa-Anquiano requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio</u>, 405 U.S. 24. Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.

24.    <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Villa-Anquiano requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Mr. Villa-Anquiano. <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25.    <u>Training of Relevant Law Enforcement Officers</u>. Mr. Villa-Anquiano requests copies of all written videotaped or otherwise recorded policies or training instructions or manuals issued by all law enforcement agencies involved in the case (United States Customs Service, Border Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to secondary inspection of persons within

1  those vehicles; (c) the detention of individuals within those vehicles; (d) the search of those vehicles and the
2  occupants of those vehicles, including the proper means of obtaining consent to search and what constitutes
3  consent to search; (e) the informing of suspects of their Constitutional rights; (f) the questioning of suspects
4  and witnesses. Mr. Villa-Anquiano also requests all written or otherwise attainable information regarding the
5  training of Customs agents at ports of entry in California to detect or discover contraband in vehicles entering
6  the United States, including any training offered to Border Patrol, INS, or officers of Homeland Security
7  Department, by the DEA or other law enforcement agencies or individuals.

8        26.    <u>Performance Goals and Policy Awards</u>.  Mr. Villa-Anquiano requests disclosure of
9  information regarding standards used for measuring, compensating or reprimanding the conduct of all law
10 enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent such information
11 relates to the detection of contraband.  This request specifically includes information concerning performance
12 goals, policy awards, and the standards used by Customs for commending, demoting, or promoting agents for
13 their performance at the port of entry and their success or failure to detect illegal narcotics in general.

14       27.    <u>Reports of Scientific Tests or Examinations</u>.  Pursuant to Fed. R. Crim. P. 16(a)(1)(F),
15 Mr. Villa-Anquiano requests the reports of all tests and examinations conducted upon the evidence in this
16 case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is
17 within the possession, custody, or control of the government, the existence of which is known, or by the
18 exercise of due diligence may become known, to the attorney for the government, and that are material to the
19 preparation of the defense or are intended for use by the government as evidence in chief at the trial.

20       28.    <u>Brady Information</u>.  The defendant requests all documents, statements, agents' reports, and
21 tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
22 government's case.  Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment as well as exculpatory
23 evidence falls within the definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S.
24 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

25       29.    <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts
26 under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to
27 impeach as noted in Fed. R. Crim. P. 609.  In addition, under Fed. R. Evid. 404(b), "upon request of the
28 accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of

1 any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant
2 requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

3        30.     <u>Residual Request</u>. The defendant intends by this discovery motion to invoke his rights to
4 discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution
5 and laws of the United States.

## III.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Villa-Anquiano has not yet reviewed his A file or received a copy of the recording of his alleged removal proceeding. As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions or to supplement existing motions. In particular, Mr. Villa-Anquiano anticipates collaterally attacking his deportation proceeding pursuant to 8 U.S.C. § 1326(d). Accordingly, he requests leave to file further motions at a later date.

## IV.

## CONCLUSION

For the reasons stated, Mr. Villa-Anquiano requests this Court grant his motions.

Respectfully submitted,

DATED:      June 3, 2008                        /s/ Gregory T. Murphy
                                                                          **GREGORY T. MURPHY**
                                                                          Federal Defenders of San Diego, Inc.
                                                                          Attorneys for Alejandro Villa-Anquiano

1 | **GREGORY T. MURPHY**
California State Bar No. 245505
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail: gregory_murphy@fd.org

5 | Attorneys for Alejandro Israel Villa-Anquiano

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | **(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1550-WQH |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| ALEJANDRO ISRAEL VILLA-ANQUIANO, | |
| Defendant. | |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

Jeffrey David Moore
Jeffrey.Moore@usdoj.gov,paula.steward@usdoj.gov,efile.dkt.gc1@usdoj.gov

Respectfully submitted,

DATED:    June 3, 2008          /s/ Gregory T. Murphy
**GREGORY T. MURPHY**
Federal Defenders of San Diego, Inc.
Attorneys for Alejandro Israel Villa-Anquiano