KAREN P. HEWITT
United States Attorney
JEFFREY D. MOORE
Assistant U.S. Attorney
California State Bar No. 240595
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7171
Email: Jeffrey.Moore@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEJANDRO VILLA-ANQUIANO,<br><br>    Defendant. | CRIMINAL CASE NO. 08CR1550 WQH<br><br>Honorable William Q. Hayes<br>Courtroom 4<br>Date: June 30, 2008<br>Time: 2:00 p.m.<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS:<br><br>(1)    TO COMPEL DISCOVERY<br>(2)    FOR LEAVE TO FILE FURTHER MOTIONS;<br><br>TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND THE UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY. |

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Jeffrey D. Moore, Assistant United States Attorney, and hereby files its Response to defendant's above-referenced motions and files its Motion for Reciprocal Discovery. This response is based upon the files and records of this case.

//

//

//

//

**I**

**STATEMENT OF THE CASE**

On May 14, 2008, a grand jury returned a one-count indictment charging Alejandro Isreal Villa-Anquiano ("defendant") with being a deported alien found in the United States, in violation of Title 8 U.S.C. § 1326. On May 20, 2008, defendant was arraigned on the Indictment and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

On or about May 3, 2008, Border Patrol Agent Shane Blea was on duty in the Chula Vista area.[1] Around 11:15 pm, he was contacted by dispatch that the National City Police Department was holding a person for evaluation. This person turned out to be defendant. Agent Blea responded to the National City Police Department and spoke with Officer Segal. Officer Segal was holding defendant after he pulled him over for driving without headlights on.

When Agent Blea arrived at the National City Police Department he identified himself to defendant and questioned him about his citizenship. Defendant produced an alien resident card but said that he had been previously deported from the United States and that he was in the country illegally. Agent Blea conducted a records check of defendant which revealed his prior immigration and criminal history. At around 12:05 am, Agent Blea placed defendant under arrest and transported him to the Chula Vista Border Patrol Station for processing.

At the station, another records check was conducted which revealed defendant's identity and identification numbers. Defendant was then Mirandized by Agent Blea. Defendant waived his rights and admitted that he was a Mexican citizen, that he had been previously deported from the United States, and that he had not applied for permission to legally re-enter.

//
//
//
//

---

[1] Statement of Facts taken from the investigative reports relating to the instant case.

### III

### **DEFENDANT'S DISCOVERY MOTIONS**

**A.     Motion To Compel**

To date, the Government has produced 31 pages of initial discovery to defendant. This discovery includes the reports of the arresting agents, prior deportation and conviction documents, and defendant's criminal history rap sheets. In addition, 1 audio CD has been discovered to defendant.

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward. To date, the Government has received no reciprocal discovery.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive, impeachment or criminal investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

The United States will provide a list of witnesses in its trial memorandum. The grand jury transcript of any person who will testify at trial will also be produced.

The United States has provided information within its possession or control pertaining to the prior criminal history of defendant. If the Government intends to offer any evidence under Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to defendant. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

In sum, the Government has already produced charging documents, investigative reports, an audio CD, prior deportation and conviction documents, and defendant's criminal history rap sheets. To the extent defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States

be made at this time.

### B.     Motion To Preserve Evidence

The Government has made every effort to preserve evidence it deems to be relevant and material to this case. Any failure to gather and preserve evidence, however, would not violate due process absent bad faith by the Government that results in actual prejudice to the defendant. See Illinois v. Fisher, 540 U.S.1174, 124 S.Ct. 1200 (2004) (per curiam); Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); United States v. Rivera-Relle, 322 F.3d 670 (9th Cir. 2003); Downs v. Hoyt, 232 F.3d 1031, 1037-38 (9th Cir. 2000).

### IV

### DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government does not object to the granting of leave to file further motions as long as the further motions are based on newly discovered evidence or discovery provided by the Government subsequent to the instant motion at issue.

### V

### GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY

### A.     All Evidence That Defendant Intends To Introduce In His Case-In-Chief

Since the Government will honor defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1), requests that defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of defendant and which defendant intends to introduce as evidence in her case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom defendant intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal

discovery to which it is entitled.

**B.     Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

## VI

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Government's motion for reciprocal discovery be granted.

DATED:     June 16, 2008                                  Respectfully submitted,

                                                          KAREN P. HEWITT
                                                          United States Attorney

                                                          /s/ Jeffrey D. Moore
                                                          JEFFREY D. MOORE
                                                          Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1550 WQH |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| ALEJANDRO VILLA-ANQUIANO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Jeffrey D. Moore, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Gregory T. Murphy

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2008.

                                                                               s/ Jeffrey D. Moore
                                                                               JEFFREY D. MOORE