**GREGORY T. MURPHY**
California State Bar No. 245505
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
(619) 234-8467/Fax: (619) 687-2666
E-Mail: gregory_murphy@fd.org

Attorneys for Alejandro Israel Villa-Anquiano

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1550-WQH |
| Plaintiff, ) | DATE: August 18, 2008 |
| ) | TIME: 2:00 p.m. |
| v. ) | |
| ) | **ERRATUM** |
| ALEJANDRO ISRAEL VILLA-ANQUIANO, ) | |
| Defendant. ) | |

Defendant Alejandro Villa-Anguiano, through undersigned counsel Gregory T. Murphy and Federal Defenders of San Diego, Inc., respectfully submits the following memorandum to correct an error contained his earlier filed Motion to Dismiss the Indictment due to an Invalid Deportation, Dkt. 15.

**I.**

**DISCUSSION**

In Mr. Villa-Anguiano's motion to dismiss the indictment due to an invalid deportation, defense counsel represented that Mr. Villa would have been eligible to waive the aggravated felony ground of deportability pursuant to INA § 212(c). On further review, that argument may be foreclosed--at least for now--by *Abebe v. Gonzales*, 493 F.3d 1092 (9th Cir. 2007)(Deferring to the BIA's conclusion that because the "sexual abuse of a minor" ground of deportability had no substantially comparable ground of excludability, the respondent could not waive deportability pursuant to INA 212(c)). *Abebe* seems to have been wrongly decided. It is presently being re-examined by the Ninth Circuit *en banc* and other circuits are split on the

1 issue. *Compare Blake v. Carbone*, 489 F.3d 88 (2d Cir.2007)(Permitting 212(c) relief) *with Zamora-Mallari v. Mukasey*, 514 F.3d 679 (9th Cir. 2008)(Agreeing with *Abebe's* reasoning). Furthermore, *Abebe* does not specifically address the aggravated felony/crime of violence ground of deportability.  Nonetheless, counsel recognizes that the rule in *Abebe* undermines Mr. Villa's earlier argument.

Counsel apologizes for the oversight.  Importantly, however, because there is no "aggravated felony" ground of *inadmissibility*, counsel's error does not significantly affect the Court's analysis.  Thus, even if the Court concludes that Cal. P.C. § 192 is categorically a crime of violence, and even if the Court concludes that Mr. Villa--rather than the government--bears the burden of showing prejudice, and even if the Court rejects the Fifth Circuit's reasoning and holding in *Martinez v. Mukasey*, 519 F.3d 532, 546 (5th Cir. 2008), Mr. Villa still could have used INA § 212(c) to waive any applicable ground of inadmissibility in combination with an application for adjustment of status based on his relationship to his U.S.C. parent or fiancee.  *See* Dkt 15, Exhibit 1, Declaration of Angela Perez ("Although we were not married at the time, I would have supported his request for relief.  I would have married him immediately and explained his importance to me and my son.").  *See also United States v. Flores-Rodriguez*, 236 Fed.Appx. 338 (9th Cir. 2007) (unpublished)(remanding because the speculation entailed in concluding that defendant's mother would have naturalized and petitioned for her son "does not seem any greater than the speculation in *Jimenez-Marmolejo* [104 F.3d 1083 (9th Cir. 1996)] that the IJ would have been persuaded to exercise his or her discretion on the alien's behalf.").

Respectfully submitted,

DATED:   August 15, 2008              /s/ Gregory T. Murphy
                                      **GREGORY T. MURPHY**
                                      Federal Defenders of San Diego, Inc.
                                      Attorneys for Alejandro Israel Villa-Anquiano