# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 08cr1550 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ALEJANDRO VILLA-ANQUIANO, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment due to an invalid deportation (#15) filed by Defendant Alejandro Villa-Anquiano.

Defendant is charged in an indictment with being found in the United States after having been previously excluded, deported and removed and not having obtained permission to reenter in violation of 8 U.S.C. § 1326 (a) and (b). Defendant moves the Court to dismiss the indictment against him on the grounds that his due process rights were violated at his prior deportation hearing. Defendant asserts that he did not knowingly and intelligently waive his right to counsel, that he was inadequately advised of his right to appeal, and that the Immigration Judge failed to inform him that he was eligible for relief from deportation.

The Government contends that Defendant's waiver of his appellate rights was knowing and intelligent. The Government further asserts that even if Defendant's due process rights were violated, he suffered no prejudice from any due process violation.

1 "Because the underlying removal order serves as a predicate element of an illegal
2 reentry offense under §1326, a defendant charged with that offense may collaterally attack the
3 removal order under the due process clause." *United States v. Pallares-Galan*, 359 F.3d 1088,
4 1095 (9th Cir. 2004). In order to sustain a collateral attack under §1326(d), a defendant must
5 ordinarily show: (1) exhaustion of available administrative remedies to seek relief from the
6 deportation order, (2) improper deprivation of the opportunity for judicial review, and (3)
7 fundamental unfairness of the underlying removal order. *See* 8 U.S.C. § 1326(d); *United
8 States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006). An underlying removal order
9 is "fundamentally unfair" if: 1) an alien's due process rights were violated by defects in the
10 underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States
11 v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

12 Defendant contends that the Immigration Judge employed the "mass silent waiver" at
13 his January 27, 1997 deportation hearing which the Court of Appeals for the Ninth Circuit has
14 deemed invalid. Defendant contends that his Sixth Amendment right to counsel was violated
15 by the immigration proceedings. Defendant contends that a showing of prejudice is not
16 required when there is a deprivation of the right to counsel. Defendant contends further
17 prejudice has been demonstrated in his case by the concession of the Government that he was
18 eligible for relief from deportation under Section 212(c) of the former INA at the time of his
19 deportation hearing.

20 The Government asserts that the Defendant's due process rights were not violated at the
21 immigration hearing because other individuals spoke up and stated that they wanted an
22 attorney present. The Government agrees that Defendant was eligible for relief from
23 deportation under Section 212(c) even if his 1993 conviction for voluntary manslaughter was
24 crime of violence, and that the Defendant was not informed of the possibility of any relief from
25 deportation. The Government asserts, however, that relief from deportation under Section
26 212(c) was not plausible for this Defendant.

27 "For an applicant to appear *pro se*, in an immigration proceedings, there must be a
28 knowing and voluntary waiver of the right to counsel." *Tawadrus v. Ashcroft*, 364 F.3d 1099,

1103 (9th Cir. 2004). For a waiver of the right to counsel to be valid, an Immigration Judge must "(1) inquire specifically as to whether petitioner wishes to continue without a lawyer; and (2) receive a knowing and voluntary affirmative response." *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 806 (9th Cir. 2007) (citations and quotations omitted). Failure to obtain such a waiver is a denial of the right to counsel. *Id*.

The record in this case shows that the Immigration Judge informed a group of individuals at the January 27, 1997 deportation proceedings of the right to legal representation by an attorney of their choosing with no cost to the government; and asked the group of individuals a number of questions related to the right to counsel including the opportunity for a postponement to retain counsel. After each inquiry, the Immigration Judge stated: "If you don't understand your right to . . . ., please raise you hand." The Immigration Judge stated after each inquiry: "No hands raised." After explaining the appeals rights and procedures in a group manner, the Immigration Judge specifically addressed Defendant Villa-Anquiano. The Immigration Judge questioned Defendant Villa-Anquiano about his citizenship, his permanent resident status, his prior conviction in 1993 for "voluntary manslaughter with a firearm," and his family ties. The Immigration Judge did not inform the Defendant of any possible grounds for relief from deportation and stated: "... based upon your admission, I am going to order you deported to Mexico. Do you accept or wish to appeal? Do you accept deportation to Mexico, or do you wish to appeal?" Defendant Villa-Anquiano responded "Uh, deport." (Doc. #15, Exhibit 8 at 9-12).

There is no indication in the record before this Court of a "knowing and voluntary affirmative response" by the Defendant Villa-Anquiano indicating that he wished to proceed without counsel. The failure of the Immigration Judge to obtain a valid waiver is denial of Defendant's right to counsel. *See Hernandez-Gil*, 476 F.3d at 806. The record before the Court does not demonstrate that the Defendant knowingly and voluntarily waived his right to counsel. The statutory right to counsel at immigration proceedings "stems from a constitutional guarantee of due process." *Id*. In *Hernandez-Gil*, the Court of Appeals explained that "[o]ur holding that Hernandez-Gil was denied his statutory right to counsel does

1  not, by itself, require that petitioner prevail. In due process challenges, there must be a
2  showing of prejudice." The Court of Appeals then stated: "[b]ecause we determine that
3  Hernandez-Gil has shown that he was prejudiced by the denial of his statutory right to counsel,
4  we again leave unanswered the question whether a petitioner must show prejudice when he has
5  been denied the right to counsel in a removal proceedings." *Id*. at 808.

6  The Court of Appeals for the Ninth Circuit has repeatedly stated in the context of a
7  deprivation of the right to counsel in an immigration proceeding that a showing of prejudice
8  requires the petitioner to show only that the conduct of the Immigration Judge "potentially
9  affected the outcome of the proceedings." *Baltazar-Alcazar v. Immigration and Naturalization
10 Service,* 386 F.3d 940, 947 (9th Cir. 2004); *Biwot v. Gonzales,* 403 F.3d 1094, 1100 (9th Cir.
11 1005); *Hernandez-Gil*, 476 F.3d at 808; and *Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir.
12 2008). In this case, the Government concedes that the Defendant Villa-Anquiano was eligible
13 for relief from deportation at the time of his deportation proceedings under Section 212(c) and
14 that the Immigration Judge did not inform the Defendant of any possible form of relief from
15 deportation. The Court concludes that the outcome of Defendant's immigration proceeding
16 was potentially affected by the denial of his right to counsel. Defendant Villa-Anquiano was
17 not informed of a possible avenue of relief from deportation. This Court cannot conclude that
18 the Defendant would not have requested counsel if he had been informed that he was eligible
19 for relief from deportation under Section 212(c) or that the presence of counsel at the
20 immigration proceedings could not have potentially affected the outcome of the proceedings
21 where the Defendant was eligible to apply for relief from deportation.

22 The Court concludes that under the facts of this case the Defendant has made an
23 adequate showing of a deprivation of due process and prejudice. Defendant is entitled to relief
24 from his underlying deportation order under 8 U.S.C. § 1326(d) .

25
26
27
28

1     IT IS HEREBY ORDERED that the motion to dismiss the indictment due to an invalid
2 deportation (# 15) filed by Defendant Alejandro Villa-Anquiano is GRANTED.  The
3 indictment is dismissed.
4 DATED:  October 9, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge